UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ALLIANCE SPORTS GROUP, LP,

                                    Plaintiff,

        v.                                                      3:20-CV-95
                                                                (FJS/ML)
WALTER R. TUCKER ENTERPRISES, LTD.,
*d/b/a* E-Z RED CO.; and MARK TUCKER,


                                    Defendants.

_____

APPEARANCES                                  OF COUNSEL

BARCLAY DAMON LLP                            JON P. DEVENDORF, ESQ.
Barclay Damon Tower                          JOHN JOSEPH PELLIGRA, ESQ.
125 East Jefferson Street
Syracuse, New York 13202
Attorneys for Plaintiff


HAYNES AND BOONE, LLP                        JONATHAN D. PRESSMENT, ESQ.
2323 Victory Avenue                          RONALD WAYNE BREAUX, ESQ.
Suite 700                                    BENJAMIN G. GOODMAN, ESQ.
Dallas, Texas 75219
Attorneys for Defendants

BOND, SCHOENECK & KING, PLLC                 BRIAN J. BUTLER, ESQ.
One Lincoln Center
Syracuse, New York 13202
Attorneys for Defendants


SCULLIN, Senior Judge

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

    Plaintiff Alliance Sports Group, LP (hereinafter referred to both as Plaintiff and "ASG")

alleges that Defendants committed fraud and fraudulent inducement against it in relation to a

settlement agreement that the parties signed following a prior lawsuit.  *See generally* Dkt. No.

68, Second Amend. Compl.  In November 2020, Defendants moved to dismiss Plaintiff's

complaint, arguing, among other things, that the Court lacked subject-matter jurisdiction

because ASG did not have standing to pursue the claims under the settlement agreement since it

assigned those claims to other entities referred to as "the Sellers."  *See generally* Dkt. No. 69.

The Sellers constituted various individuals, companies, and a revocable trust, which owned 96%

of a corporation known as Bollinger Industries, Inc. ("BII").[1]  BII, in turn, wholly owned two

corporations – Bollinger Operating Corporation ("BOC") and Bollinger Holding Corporation

("BHC") – that were the general and limited partners that owned 100% of Plaintiff ASG.  ASG

is thus a subsidiary of BII.

     Through a Stock Purchase Agreement, the Sellers sought to transfer two-thirds of BII's

ownership to a third party.  However, Section 6.10 of that agreement provides that the Sellers

"shall have the exclusive right to, at Sellers' sole cost and expense, take all actions with respect

to" this lawsuit, filed by BII and its subsidiary, ASG, against Defendants.  *See* Dkt. No. 79

(quoting Dkt. No. 75-2 at § 6.10).  In its November 29, 2021 Memorandum-Decision and Order,

the Court considered that provision and determined that ASG clearly intended to assign its

rights in this litigation against Defendants to the Sellers.  *See* Dkt. No. 79.  Notwithstanding this

conclusion, the Court found that, "[s]ince the Sellers owned 96% of BII, and BII – through

BO[C] and BHC – owned Plaintiff ASG, then it follows that Plaintiff merely assigned those

rights to itself, or, in other words, it retained them."  *See id.* at 8.  Having determined that

---

[1] Specifically, the Sellers include Glenn D. Bollinger, Bobby D. Bollinger, Ron Bollinger, Glenn Bollinger Family Enterprises, Ltd., Bob Bollinger Family Enterprises, Ltd., Randle Bollinger, Richard Bollinger, Vicki Burnett, Carl Liggio, Mary Liggio, and the Maguire Joint Revocable Trust.  *See* Dkt. No. 75-2 at 3.

Plaintiff retained its rights and liabilities in this litigation, the Court denied Defendants' motion

to dismiss for lack of subject-matter jurisdiction and found that Plaintiff ASG had standing. *See*

*id.* Defendants now move the Court for reconsideration, arguing that the Court committed a

"clear error of law" in finding that ASG had standing and that its rights in this litigation did not

extinguish upon assignment to the Sellers. *See* Dkt. No. 82.

## II. DISCUSSION

"In this district, reconsideration of an order entered by the Court is appropriate upon a

showing of '(1) an intervening change in controlling law, (2) the availability of new evidence

not previously available, or (3) the need to correct a clear error of law or prevent manifest

injustice.'" *Agee v. Mitchell*, No. 9:19-CV-0057 (BKS/ATB), 2019 U.S. Dist. LEXIS 214930,

*2 (Dec. 13, 2019) (quoting *In re C-TC 9th Ave. P'ship*, 182 B.R. 1, 3 (N.D.N.Y. 1995)) (other

citations omitted). Here, Defendants contend that the Court committed a "clear error of law" in

finding that ASG retained certain rights that it assigned to the Sellers because the Sellers were

separate legal entities from ASG. *See* Dkt. No. 79 at 8; Dkt. No. 82-2 at 5-7.

"'It is essential to an assignment of a right that the [assignor] manifest an intention to

transfer the right to another person without further action or manifestation of intention by the

[assignor].'" *Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 74 (2d

Cir. 2013) (quoting Restatement (Second) Contracts § 324). "'An unequivocal and complete

assignment extinguishes the assignor's rights against the obligor and leaves the assignor without

standing to sue the obligor.'" *Phillips v. GM LLC (In re Motors Liquidation Co.)*, 689 F. App'x

95, 96 (2d Cir. 2017) (summary order) (quoting *Aaron Ferer & Sons Ltd. v. Chase Manhattan

Bank, Nat'l Ass'n*, 731 F.2d 112, 125 (2d Cir. 1984)) (other citation omitted); *see Clarex Ltd. v.*

*Natixis Sec. Am. LLC*, No. 12 Civ. 0722 (PAE), 2012 U.S. Dist. LEXIS 147485, *15-*17

(S.D.N.Y. Oct. 12, 2012); *Amusement Indus. v. Stern*, No. 07 Civ. 11586 (LAK) (GWG), 2011

U.S. Dist. LEXIS 150050, *18 (S.D.N.Y. Dec. 28, 2011).  Even if an assignor and an assignee

are all owned or managed by the same entity, an assignor cannot rely on this "ultimate

ownership" as a basis to establish standing.  *See Clarex Ltd.*, 2012 U.S. Dist. LEXIS 147485, at

*18.  This is because "[c]orporate form matters."  *Id.*  Where the assignor and assignee are

"distinct legal entities," their "separate nature cannot simply be ignored when inconvenient."  *Id.*

"It is black-letter law that one corporation cannot assert an affiliate's legal rights."  *Id.*

(collecting cases); *accord 42-50 21st St. Realty LLC v. First Cent. Sav. Bank*, No. 20-CV-5370

(RPK) (RLM), 2022 U.S. Dist. LEXIS 62429, *39 (E.D.N.Y. Apr. 4, 2022).  "When a

corporation 'desires the legal benefits to be derived from organization of a[n] [affiliate] that will

function separately and autonomously in the conduct of its own distinct business, the

[corporation] must accept the legal consequences, including its inability later to treat the

[affiliate] as its alter ego because of certain advantages that might thereby be gained.'"  *42-50

21st St. Realty LLC*, 2022 U.S. Dist. LEXIS 62429, at *40 (quoting *Nature's Plus Nordic A/S v.

Nat. Organics, Inc.*, 980 F. Supp. 2d 400, 409 (E.D.N.Y. 2013) (quoting *In re Beck Indus., Inc.*,

479 F.2d 410, 418 (2d Cir. 1973))).  "In other words, a corporation cannot 'have it both ways.'"

*Id.* (quotation omitted).

Neither party disputes that the Court properly considered the language in Section 6.10 to

conclude that ASG assigned its rights in this matter to the Sellers.  As the Court previously

noted, ASG gave the Sellers the "exclusive right" to "take all actions" with respect to the

litigation with Defendants, and the Sellers would be liable for the "sole cost and expense" of the

litigation.  *See* Dkt. No. 79 at 7-8 (quoting Dkt. No. 75-2 at § 6.10).  Because this language is

clear and unambiguous, and it manifests ASG's decision to transfer those rights to the Sellers

without further action on ASG's part, the Court finds that it did not err in concluding that ASG

assigned its rights to the Sellers.

> After finding the "clear assignment to the Sellers," the Court stated the following:

> . . . Defendants fail to recognize that the Sellers are identified in the preamble as
> BII's owners.  Since the Sellers owned 96% of BII, and BII – through BO[C] and
> BHC – owned Plaintiff ASG, then it follows that Plaintiff merely assigned those
> rights to itself, or, in other words, it retained them.  Therefore, the Court finds
> that Plaintiff ASG retained its rights and liabilities in this litigation; and, as such,
> the Court denies Defendant[s'] motion to dismiss for lack of subject-matter
> jurisdiction on this basis.

*See id.* at 8.

The Court finds that this latter finding - that "ASG retained its rights and liabilities in

this litigation" - was a "clear error" of law.  As the caselaw recited above makes apparent, when

one entity assigns its rights to another, that assignment extinguishes the assignor's rights; and,

consequently, the assignor does not have standing to pursue a claim for violation of those rights.

The Court in this instance essentially applied the "ultimate ownership" rule that the Southern

District rejected in *Clarex* when it found that ASG essentially "assigned those rights to itself[.]"

*See Clarex Ltd.*, 2012 U.S. Dist. LEXIS 147485, at *18.  As the cases in this Circuit make clear,

distinct legal entities are just that – distinct – and therefore one cannot obtain standing and

assert claims on behalf of the other, no matter how "intertwined" the entities might be.

Therefore, although the Sellers own 96% of the parent company that owns ASG's general and

limited partners, the Court finds that they are each distinct legal entities from one another.

Because ASG and the Sellers are distinct legal entities, the Court holds that ASG cannot assert

the Sellers' rights in this matter.

Accordingly, as a consequence of this corporate structure, the Court concludes that it committed "clear error" in finding that ASG has standing as the Plaintiff in this case.  After further considering the parties' arguments and the relevant caselaw, the Court therefore grants Defendants' motion for reconsideration of their motion to dismiss.  In the interests of justice, however, the Court will afford Plaintiff  twenty (20) days from the date of this Memorandum-Decision and Order as "reasonable time" to file a third-amended complaint and substitute the Sellers as Plaintiffs pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure because they are the proper parties with rights that they may enforce in this litigation against Defendants. [2]

### III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for reconsideration of their motion to dismiss for lack of subject-matter jurisdiction, *see* Dkt. No. 82, is **GRANTED**; and the Court further

**ORDERS** that, pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure, Plaintiff shall have **twenty (20) days** from the date of this Memorandum-Decision and Order **to file a third-amended complaint substituting the Sellers as Plaintiffs in this action.**  If Plaintiff does not do so, the Court shall grant Defendants' motion to dismiss Plaintiff's

---

[2] Rule 17 provides, in relevant part, that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."  Fed. R. Civ. P. 17(a)(3).

complaint for lack of subject-matter jurisdiction, *see* Dkt. No. 69, without further Order of this

Court.

**IT IS SO ORDERED.**

Dated:  May 16, 2022
           Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge